(112 So. 900)

### HENDRICK v. STATE. (6 Div. 208.)

Court of Appeals of Alabama. May 17, 1927.

Huey & Welch, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., and Ben G. Perry, Deputy Sol., and Arthur Green, Asst. Deputy Sol., both of Bessemer, for the State.

RICE, J. Appellant was convicted of the offense of violating the prohibition laws by having whisky in his possession unlawfully. We take the statement of facts from the brief filed on this appeal on behalf of the state, which is as follows:

"The evidence on the part of the state was directed to showing that three deputy sheriffs were traveling in an automobile on the public highway from Bessemer to a place below Virginia Mines, in Jefferson county, Ala., and within the jurisdiction of the circuit court holding at Bessemer. This happened in November, 1925, between daylight and sunup, and on that occasion they met the appellants in a Hudson coach coming towards Bessemer, and that their car stopped before it got to the car of the officers, and that about 150 feet behind appellants' car, another car was approaching around the curve, and this car, a Chalmers touring, suddenly stopped and the driver jumped out and the car moved back a distance of about 30 feet. The officers immediately searched both cars, after failing to apprehend the driver of the Chalmers car, and found 30 gallons of whisky in a keg in the Chalmers car. There was red or yellow mud on the keg containing the liquor, and red and yellow or similar mud on the clothes of appellants. The evidence further showed that the Chalmers car belonged to W. T. Moore, who lived about a mile from appellants, and on the same public road that the appellants were arrested on on that occasion, and that Moore was well acquainted with appellants and knew them for some time, and that Moore had last seen his car at dusk dark, the evening before the seizure of same. The officers from the time they left Bessemer on their raid had only seen one car other than the two in question.

"Appellant Hendrick admitted being in the whisky business in the year 1925, but denied being in the whisky business in November, 1925, and denied having any interest or connection with the whisky found in the Chalmers car. Both appellants admitted knowing Moore and were familiar with his Chalmers automobile. Hendrick lived on a farm and contended that Kendricks was employed by him to drive his automobile, and at the time of the arrest was living with Hendrick."

It should be added that it was shown that red or yellow mud was all up and down the road for miles where appellant was arrested.

We can appreciate the zeal shown by the arresting and prosecuting officials in their efforts to enforce the prohibition laws. It is altogether commendable. But the proof offered in this case does not connect nor tend to connect this appellant with the possession of the whisky which was found. We cannot emasculate the law, which is made for the protection of all, in order to accede to the insistence of the state in this case that we circumvent by our decision what the solicitor who tried this case asserts confidently was a scheme on the part of appellant and his companion, jointly tried and convicted with him, to act as "pilots" for the whisky found in the rear car, and thus allow the driver of the "whisky car" to escape—as he did escape.

The evidence failing to connect this appellant in any way with the whisky which was found, the general affirmative charge which he requested in his favor should have been given, and for the error in its refusal the judgment is reversed and the cause remanded.

Reversed and remanded.